# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEBRA LEONA WIERSMA**
   **Plaintiff,**

 v.                  Case No. 10-C-240

**MICHAEL J. ASTRUE**
**Commissioner of the Social Security Administration**
   **Defendant.**

## ORDER

Plaintiff Debra Wiersma moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner does not in his response dispute that plaintiff is entitled to an award, but he does ask that the amount requested be reduced and that the fees be payable to plaintiff rather than her counsel. See Astrue v. Ratliff, 130 S. Ct. 2521 (2010). Plaintiff has not replied to the Commissioner's response.

**I.**

The EAJA provides that a prevailing party in a civil suit against the United States may, on timely application, receive an award of attorney's fees if the government's position was not "substantially justified" and no "special circumstances" would make an award unjust. See 28 U.S.C. § 2412(d)(1); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009). Plaintiff is entitled to an award in this case: she prevailed in her action, her motion is timely, and the Commissioner does not contend that the government's position was substantially justified or that special circumstances would make an award unjust. However, the Commissioner does

1

contend that the amount of plaintiff's request is excessive.

## II.

A litigant seeking fees bears the burden of demonstrating that her request is reasonable, both as to the rate and the number of hours requested. See, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Hanrahan v. Shalala, 831 F. Supp. 1440, 1450 (E.D. Wis.1993)); Henderson v. Barnhart, 257 F. Supp. 2d 1163, 1169 (E.D. Wis. 2002). In her EAJA submission in this case, plaintiff seeks compensation for attorney work at a rate of $170 per hour under the Bureau of Labor Statistics Consumer Price Index. The Commissioner does not contest the requested hourly rate, and I find it to be reasonable. See, e.g., Salaam v. Astrue, No. No. 08-C-0238, 2009 WL 382747, at *1 (E.D. Wis. Feb. 10, 2009); see also Lechner, 330 F. Supp. 2d at 1011.

The Commissioner does argue that certain entries on counsel's time sheet are unreasonable. Specifically, the Commissioner contends that counsel's request for 2.5 hours to research and draft the complaint is excessive. I agree. The complaint is just two pages, containing seven paragraphs of boilerplate language. I will accordingly reduce this entry by 1.5 hours. The Commissioner also notes that counsel seeks 3.5 hours for "process filing of complaint, Milwaukee federal courthouse" and 0.8 hours for "process electronic filing matters." I agree with the Commissioner that these are clerical tasks that should not be billed as attorney time. See Spegnon v. Catholic Bishop of Chi., 175 F.3d 544, 553 (7th Cir. 1999). With the total request reduced by 5.8 hours, I will award fees based on 42.6 hours of work.[1] I find this

---

[1] As noted above, plaintiff has not filed a reply brief in defense of the specific entries challenged by the Commissioner, and in the original submission counsel asserted that the amount of time spent was necessary in only a general sense. Therefore, plaintiff has waived any objection to the deductions ordered herein.

2

amount of time reasonable under the circumstances of this case.

**III.**

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 17) is **GRANTED**, as stated herein, and plaintiff is awarded fees in the amount of $7242 and costs in the amount of $350. As the Commissioner notes, under Ratliff, 130 S. Ct. at 2524, EAJA awards are payable to the litigant, not her counsel, and are subject to offset to satisfy any pre-existing debts the litigant owes to the United States. Defendant should mail the EAJA award check to Attorney Thomas Schuessler, after the agency has complied with its procedures for determining any debts owed by plaintiff. The agency may direct payment to counsel pursuant to plaintiff's assignment after determining that plaintiff owes no debt to the United States. See id. at 2529.

Dated at Milwaukee, Wisconsin, this 4th day of March, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge